IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. PE:19-CR-00814-DC-1 |
| | § | No. PE:22-CV-00031-DC |
| DOMINGO CRUZ-MIGUEL | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Domingo Cruz-Miguel's ("Defendant") Motion to Vacate Under 28 U.S.C. § 2255 (hereafter, "Motion to Vacate").[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate be **DENIED**.[2]

**I. BACKGROUND**

On October 28, 2019, a criminal complaint was issued against Defendant, and federal public defender Louis Correa was appointed by the Court that same day.[3] On November 14, 2019, Defendant was indicted on a one-count indictment for Reentry by a Deported Alien.[4] Defendant pled guilty without a plea agreement on January 6, 2020.[5] On January 14, 2020, United States Probation officers filed a petition to revoke Defendant's supervised release which he was serving in an earlier case, and a warrant was requested.[6] Louis Correa was again appointed by the Court as Defendant's

---

1. (Doc. 45).
2. (Doc. 45).
3. (Docs. 1, 3).
4. (Doc. 8).
5. (Doc. 16).
6. *United States v. Cruz-Miguel*, No. PE:20-CR-00056-DC-1 (W.D. Tex. Jan. 21, 2020) (ECF No. 2) (hereafter *Cruz-Miguel II*).

counsel in the second matter on January 27, 2020.[7] On August 17, 2020, this Court sentenced Defendant to 87 months of imprisonment with a 3-year term of supervised release for Count One.[8] For his violation of supervised release, Defendant admitted the allegations and received another sentence of 12 months of imprisonment with no supervised release, to run consecutively with his 87 months of imprisonment for Count One.[9] Defendant appealed his judgment and sentence for both orders on August 24, 2020.[10] On March 16, 2021, the United States Court of Appeals for the Fifth Circuit, on consolidated consideration, affirmed this Court's judgment.[11] On October 4, 2021, the Supreme Court of the United States denied his request for a writ of certiorari.[12]

Defendant filed *pro se* his Motion to Vacate in both cases on August 15, 2022.[13] The Government filed a response to each version of the motions on November 7, 2022.[14] Defendant has not filed any Reply. This case is now ripe for disposition.

## II. LEGAL STANDARD

Section 2255 permits an inmate serving a post-conviction sentence "to move the court which imposed the sentence to vacate, set aside or correct the sentence."[15] Relief under § 2255 is limited to those "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[16] A motion may be made under § 2255 on only four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the

---

7. *Cruz-Miguel II* (Jan. 27, 2020) (ECF No. 4).
8. (Doc. 31).
9. *Cruz-Miguel II* (Aug. 17, 2020) (ECF No. 20).
10. (Doc. 32).
11. (Doc. 43).
12. (Doc. 44).
13. (Doc. 45).
14. (Doc. 50).
15. 28 U.S.C. § 2255(a).
16. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

sentence is "otherwise subject to collateral attack."[17] Thus, "[i]n the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[18]

### III. DISCUSSION

Defendant states two grounds for his § 2255 claim. The first ground concerns ineffective assistance of counsel, allegedly at all proceedings. Specifically, Defendant believes his court-appointed attorney, Mr. Correa, should have but did not make certain arguments or motions at the trial court. Alternatively, Defendant avers Mr. Correa had a "conflict of interest" in representing him on appeal. Defendant's second ground relates to the application of a supposedly unconstitutional "recidivism enhancement" or otherwise an excessive sentence at the trial court level. For these errors, Defendant argues for a lesser sentence than has been imposed on him.[19]

**A.    Necessity of An Evidentiary Hearing**

The trial court must first conduct a preliminary review of the § 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."[20] After the court reviews the Government's response and any transcripts of prior proceedings, the court must decide whether an evidentiary hearing is warranted.[21] An evidentiary hearing may be warranted if the petitioner "produce[s] independent indicia of the likely merit of his allegations."[22] Thus, a § 2255 motion necessitates an evidentiary hearing "unless either (1) the movant's claims are clearly frivolous or

---

17. *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (citing 28 U.S.C. § 2255(a)).
18. *Pillault v. United States*, 371 F. Supp. 3d 325, 330 (N.D. Miss. 2019) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).
19. (Doc. 45 at 5, 6, 13).
20. *Norman v. United States*, 376 F. Supp. 3d 700, 704 (N.D. Miss. 2019) (citing Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS) (alteration in original).
21. Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS.
22. *United States v. Bogomol*, No. 18-11486, -- F. App'x -- , 2021 WL 3620444, at *3 (5th Cir. Aug. 13, 2021) (original alterations omitted) (citing *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)).

based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true."[23]

As will be discussed below, the undersigned finds that Defendant's Motion to Vacate can be decided entirely on the pleadings and evidence in the record. In particular, Defendant's claims, upon examination of the record, are meritless. An evidentiary hearing is therefore not necessary.[24] Accordingly, the undersigned **RECOMMENDS** that the Court deny any opportunity for an evidentiary hearing on Defendant's Motion to Vacate.

**B.     Ground One: Ineffective Assistance of Counsel**

Defendant's first ground for reducing his sentence is that he received ineffective assistance of counsel in both the trial court and appellate court proceedings.

To prevail on an ineffective assistance of counsel claim, the petitioner under the familiar *Strickland v. Washington* test "must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense."[25] As to deficiency, counsel needed to have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[26] The defendant must show that, "in light of the circumstances as they appeared at the time of the conduct, 'counsel's representation fell below an objective standard of reasonableness' as measured by 'prevailing professional norms'" in order to satisfy the deficiency

---

23. *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018) (citing *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979))
24. *See United States v. Tate*, Nos. H-15-631-1, H-18-4234, 2021 WL 2834675, at *8 (S.D. Tex. July 7, 2021); *see also Elliott v. United States*, Nos. 4:16cv621, 2019 WL 3890161, at *7–8 (E.D. Tex. June 26, 2019), *report and recommendation adopted*, Nos. 4:16-CV-621, 4:14-CR11(01), 2019 WL 3858662 (E.D. Tex. Aug. 16, 2019).
25. *United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *2 (5th Cir. Oct. 6, 2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *United States v. Scott*, 11 F.4th 364, 368 (5th Cir. 2021) (citing *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019)); *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland*, 466 U.S. at 688).
26. *Jones v. United States*, 14 F. Supp. 3d 811, 815 (W.D. Tex. 2014) (quoting *Strickland*, 466 U.S. at 687).

prong.[27] There is a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance.'"[28]

Regarding performance, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[29] This prong is satisfied by a showing that there is a "reasonable probability . . . sufficient to undermine confidence in the outcome" of a criminal trial that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."[30] Such probability requires a "substantial" as opposed to a "conceivable" likelihood of another result.[31]

### 1. Ineffective Assistance at the Trial Court

Defendant first asserts that Mr. Correa was deficient during the trial court proceedings because he allegedly did not: (1) "file any of the pre trial motions"; (2) "nego[t]iate a favorable plea agreement or motion for a *Fatico* hearing and defend [Defendant] at sentencing as regards to the excessive and length sentence"; or (3) "argue against the sentence for the violation of the supervised release [being] imposed as a consecutive sentence."

As to the first basis for deficiency, Defendant contends Mr. Correa's representation was ineffective because he did not file the following motions in a non-exhaustive list: "motion for speedy trial"; "motion to dismiss the entire indictment"; "motion to dismiss some of the charges in the indictment"; and "motion to suppress evidence."[32] The Government responds that these allegations are conclusory, and that Defendant's plea and statements at sentencing contradict them.[33]

The undersigned holds that Defendant's assertions pertaining to the trial court proceedings are conclusory. Under the Rules Governing Section 2255 Proceedings, a Defendant's motion must

---

27. *King v. Davis*, 883 F.3d 577, 586 (5th Cir. 2018) (quoting *Rhoades v. Davis*, 852 F.3d 422, 431 (5th Cir. 2017)).
28. *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)).
29. *United States v. Wines*, 691 F.3d 599, 606 (5th Cir. 2012) (citing *Strickland*, 466 U.S. at 687).
30. *United States v. Lagos*, 25 F.4th 329, 335-36 (5th Cir. 2022) (internal citation omitted).
31. *Wines*, 691 F.3d at 604.
32. (Doc. 45 at 5).
33. (Doc. 50 at 5).

"specify all the grounds for relief available to the moving party" as well as "state the facts supporting each ground."[34] "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."[35] A movant claiming ineffective assistance of counsel has the burden of "identifying some facts that raise the spectre of constitutional error."[36] Thus, Defendant must allege facts supporting both deficiency and prejudice in Mr. Correa's actions.

Here, Defendant alleges several supposed deficiencies which purportedly constitute ineffective assistance, ranging from Mr. Correa's failure to file certain motions, negotiate a plea agreement, or argue certain lines in Defendant's defense. The undersigned finds that Defendant has failed to demonstrate the reasonable necessity and therefore deficiency of these inactions. It is well settled that a defendant's counsel need not file a futile motion or make frivolous arguments or objections.[37] Defendant possesses the burden of alleging Mr. Correa's representation fell below an objective measure of reasonableness. In this instance, however, Defendant gives no insight as to how any of the motions, arguments, or objections he believes Mr. Correa should have made at the trial court would have been warranted or meritorious. Therefore, the motions and arguments Defendant complains of are presumably without merit. Because Defendant fails to explain why his counsel objectively would have found those arguments and motions meritorious at the trial court, he cannot sustain his ineffective assistance of counsel claim.[38]

Additionally, for none of these alleged deficiencies does Defendant provide any support or explanation that Mr. Correa's failure to make these arguments caused him any prejudice. Defendant provides no facts illustrating a probability that, absent these "errors," he would have received a lesser sentence or evaded conviction altogether.[39] Therefore, Defendant has not met his burden of

---

34. Rule 2(b), RULES GOVERNING SECTION 2255 PROCEEDINGS.
35. *Smallwood v. Scott*, 73 F.3d 1343, 1351 (5th Cir. 1996) (citation omitted).
36. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989).
37. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (citation and quotation marks omitted).
38. *See United States v. Ray*, Nos. 6:12-1951, 6:09CR-01013, 2013 WL 1749935, at *3–4 (W.D. La. Mar. 25, 2013).
39. *See West v. United States*, Nos. 4:16cv75, 4:13cr57(2), 2018 WL 6332843, at *5 (E.D. Tex. Oct. 9, 2018).

demonstrating prejudice for Mr. Correa's alleged deficiencies at the trial court. On these grounds, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

Each enumerated motion and argument can individually be disposed of, notwithstanding their pleading insufficiencies.

### i.    Negotiate Plea Agreement

Defendant contends Mr. Correa's representation was inadequate because he failed to negotiate a "favorable plea agreement." As the Government observes, this is an odd assertion, as Defendant undisputedly pleaded guilty to Count One for illegal reentry on January 6, 2020. He did so without a plea agreement, and Defendant was found to be "aware of the nature and charges and the consequences of the plea."[40]

Obviously, there is no requirement for a defendant to plead guilty. Further, and likewise, the Government is not required to offer a defendant a plea agreement.[41] Defendant does not identify any reasons which would lead the undersigned to conclude that objective counsel would have attempted to negotiate a plea agreement. Therefore, Defendant's claim on this ground must be dismissed.

### ii.    Argue Against Imposition of Consecutive Sentence

Defendant also asserts that Mr. Correa's representation was deficient because he did not argue against the sentence he received for violating supervised release being imposed consecutively to the sentence he received on the one-count indictment for illegal reentry. This argument is specious; an examination of the transcript reveals otherwise. At the sentencing hearing, Defendant admitted he violated the conditions of his supervised release. Mr. Correa did "ask[] Court to run his supervised release [violation sentence] concurrent or in the alternative, to give him . . . the bottom of the guideline." Immediately after Mr. Correa's request, Defendant himself requested the Court to

---

40. (Docs. 17 at 1; 19).
41. *Alonso v. United States*, Nos. MO:13-CV-00006-RAJ-DC, MO:10-CR-00115-RAJ-DC, 2014 WL 12712418, at *12 (W.D. Tex. Nov. 18, 2014), *report and recommendation adopted*, Nos. MO:10-CR-00115(2)-RAJ, MO:13-CV-00006, 2014 WL 12712501 (W.D. Tex. Dec. 16, 2014) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)).

make his sentences concurrent.[42] Thus, contrary to defendant's assertion, Defendant's counsel argued against the imposition of consecutive sentences. Because Defendant's last ground for ineffective assistance of counsel is plainly contradicted by the facts at sentencing, Defendant has not overcome his burden. Thus, the presumption that Mr. Correa's representation was sufficient stands.

### iii. Motions: Dismiss Entire/Partial Indictment, Suppress Evidence, Speedy Trial, *Fatico* Hearing

Defendant argues that Mr. Correa should have made several motions: dismiss part or the entirety of the indictment, suppress evidence, speedy trial, and set a *Fatico* hearing.

However, he does not state which part of the indictment in particular should have been attacked, nor does he give a basis for objecting to any part of the indictment. With no explanation as to why dismissal of the indictment would have been sought by a reasonable attorney, the undersigned cannot find counsel's performance ineffective.

Also lacking in the Motion to Vacate is a statement as to what evidence should have been suppressed. Therefore, the same conclusion applies—counsel cannot be found to have been ineffective for essentially an unknown reason, and Defendant's claim on this ground must be dismissed.

Defendant does not indicate whether a speedy trial should have been sought under the statutory Speedy Trial Act or the Sixth Amendment to the United States Constitution. Considering both, the undersigned finds no apparent violation here. Although the "statutory standards for speedy trial" are "more stringent than those imposed by the [C]onstitution,"[43] the undersigned points out that Defendant did not seek a trial at all. In fact, Defendant pleaded guilty to Count One two months after being indicted. That a defendant who pleads guilty within two months of indictment can complain his

---

42. *Cruz-Miguel II* (Oct. 4, 2020) (ECF No. 28 at 3–5, 5).
43. *United States v. Howell*, 544 F.2d 800, 803 (5th Cir. 1977).

right to a speedy trial was violated is preposterous.[44] In any event, it is exceedingly unlikely that a "delay" of two months, even if Defendant had sought a trial in lieu of pleading guilty, would constitute a violation of his statutory or constitutional speedy trial right.[45] Therefore, Defendant's claim on this ground must be dismissed as well.

Defendant lastly complains of Mr. Correa's failure to request a *Fatico* hearing in connection with his sentencing. "*Fatico* hearings are based on precedent from the [United States Court of Appeals for the] Second Circuit in *United States v. Fatico*, . . . which pre-dates the Sentencing Guidelines" used in federal sentencings.[46] A *Fatico* hearing is used "to determine whether under due process the sentencing judge can properly rely on statements made by the Government—typically in the presentence report—to the effect that the defendant is a member or associate of organized crime."[47]

In this case, Defendant does not take issue with the presentencing report, and he does not allege his sentence was based on misinformation from the Government. He does not demonstrate a *Fatico* hearing was required, or explain how Mr. Correa's failure to request one was deficient. Absent such a showing that a request for a *Fatico* hearing would have been meritorious, Defendant cannot meet his burden of alleging facts supporting his counsel was deficient.[48]

### iv. Conclusion

None of the grounds for ineffective assistance of counsel at the trial court are supported by allegations of facts or authority. Therefore, Defendant has failed to meet his burden of demonstrating Mr. Correa's presumably reasonable representation was inadequate. Accordingly, the undersigned

---

44. *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (finding "a delay of ten and one-half months" to not be "presumptively prejudicial").
45. *See United States v. Reagan*, 725 F.3d 471, 487 (5th Cir. 2013) ("[D]elays of less than five years cannot alone support a presumption of prejudice.").
46. *United States v. Babatunde*, No. H-19-4360, 2021 WL 1143778, at *14 (S.D. Tex. Mar. 25, 2021).
47. *United States v. Borello*, 766 F.2d 46, 60 n.23 (2d Cir. 1985).
48. *Babatunde*, 2021 WL 1143778, at *14.

**RECOMMENDS** that the Motion to Vacate be **DENIED** as to ineffective assistance at the trial court.

### 2. Ineffective Assistance on Appeal

Defendant also argues that Mr. Correa's representation at the Fifth Circuit was deficient because he had a "conflict of interest" or else was "reluctan[t] to assist him in the appeal." He claims that the Fifth Circuit and Supreme Court's denials of his appeals were "a fruit of the ineffective assistance of counsel."[49]

Ineffective assistance of appellate counsel claims are also generally governed by the test set forth in *Strickland*.[50] "To prove ineffective assistance of counsel based on a conflict of interest, a § 2255 movant must show 'that an actual conflict of interest adversely affected his lawyer's performance.'"[51] Prejudice against the movant is presumed "only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance."[52] The movant must therefore demonstrate that his counsel "actively represented conflicting interests."[53]

In this case, Mr. Correa represented Defendant on his appeal. Defendant does not describe a conflict, discuss how Mr. Correa had divided loyalties, or otherwise. There is no apparent reason here to believe that Mr. Correa's loyalties were divided in any way; therefore, prejudice cannot be presumed. Thus, Defendant has failed to allege prejudice.[54] Accordingly, Defendant's ineffective assistance of counsel claim on appeal must be rejected as well. The undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** as to ineffective assistance at the appellate court.

---

49. (Doc. 45 at 4).
50. *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006).
51. *United States v. Scruggs*, 691 F.3d 660, 670 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)).
52. *United States v. McCaskey*, 9 F.3d 368, 381 (5th Cir. 1993).
53. *Cuyler*, 446 U.S. at 349.
54. *See Padilla v. United States*, Nos. SA-12-CV-429-XR, SA-09-CR-800, 2013 WL 321771, at *3 (W.D. Tex. Jan. 28, 2013).

Because Defendant does not meet his burden of demonstrating his counsel's performance was deficient at either sentencing or on appeal, § 2255 relief cannot be granted on this ground. Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** as to Ground One.

## C.     Ground Two: Excessive Sentence

Defendant's second ground for relief is that the sentencing judge, District Judge David Counts, abused his discretion by sentencing him to allegedly more than the statutory maximum for Count One. Specifically, Defendant argues that the recidivism enhancement in § 1326(b)(2) is unconstitutional "because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment."[55]

As to the constitutionality argument, the Government counters that this argument was already raised and considered on appeal to the Fifth Circuit. This is correct.

In *Almendarez-Torres v. United States*,[56] the Supreme Court upheld the constitutionality of § 1326(b)(2). In particular, the Court concluded that the subsection, being a penalty provision, "simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions . . . in the indictment."[57]

In this case, Defendant agreed on appeal that *Almendarez-Torres* precludes this argument. The Fifth Circuit on appeal nevertheless considered Defendant's assertion that "the recidivism enhancement under § 1326(b)(2) . . . is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment." The Fifth Circuit found that the "assertion is [indeed] foreclosed by *Almendarez-Torres* []."[58] Therefore, there is no reason to

---

55. (Doc. 45 at 5).
56. 523 U.S. 224 (1998).
57. *Id.* at 226–27.
58. (Doc. 43 at 4).

consider an argument already disposed of at the Fifth Circuit. Accordingly, this argument must be rejected.

Defendant also claims that his sentence was excessive. He argues that "similarly situated" defendants in the country and throughout the Fifth Circuit "have received far lesser sentences," ranging from "two to five years."[59] The Government argues that this claim is procedurally barred because Defendant did not raise it on appeal.

The Government is correct in this contention. "Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[60] "[A] defendant cannot raise in a § 2255 motion constitutional issues that she could have, but did not raise in a direct appeal unless she shows good cause for and actual prejudice from her failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice."[61] On appeal to the Fifth Circuit, Defendant had an opportunity to argue that his sentence was excessive because it was disparate to those given to similarly situated defendants. Yet Defendant did not present this argument. Defendant attempts to do so now but explain neither how good cause nor actual prejudice exist here, nor how a failure to consider the alleged excessiveness of his claim would constitute a fundamental miscarriage of justice. Therefore, the claim cannot be considered here and should be rejected.

Even if Defendant had properly raised the issue on appeal, the undersigned concludes his contention would be without merit. For the conviction under Count One, Defendant was sentenced to 87 months plus three years of supervised release. Defendant was also sentenced to 12 months for violating his then-existing supervised release. The Motion to Vacate is devoid of any comparator defendant which may support his claim. While Defendant asserts a 24-to-60-month range for "most

---

59. (Doc. 45 at 5).
60. *Massaro v. United States*, 538 U.S. 504 (2003).
61. *Rodriguez v. United States*, Nos. MO:11-CR-00293(1)-RAJ, MO:16-CV-00292, 2016 WL 7031846, at *1 (W.D. Tex. Aug. 12, 2016).

sentence[s]," he "does not cite any examples of similarly situated defendants with whom the Court might [] compare[] sentences."[62] This argument is therefore baseless, unfounded, and must be rejected.

Thus, Defendant already unsuccessfully argued the unconstitutionality of § 1326 argument before the Fifth Circuit. Defendant elsewhere failed to raise his excessive sentence objection on appeal. Even if he had raised it, and it were therefore proper for the Court to consider at this stage, Defendant does not cite any "similarly situated defendants" who received lesser sentences. Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** as to Ground Two.

**D.      Certificate of Appealability**

Defendant has not yet moved for a certificate of appealability from this Court, but the Court can nevertheless consider whether this case's merits warrant granting one at this stage.[63] An appeal to the Fifth Circuit may not be taken from a final order in a habeas corpus proceeding unless the Fifth Circuit itself issues a certificate of appealability.[64] Rule 11 of the Federal Rules Governing Section 2255 cases mandates that, upon entering a final order adverse to the applicant, the district court "issue or deny a certificate of appealability."[65] In order to obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right."[66] This determination requires an "overview of the claims in the habeas petition and a general assessment of their merits."[67] "A petitioner satisfies this standard by demonstrating that jurists of reason could

---

62. *See Giblin v. United States*, No. 09-1286 (RBK), 2010 WL 3039992, at *18 (D.N.J. Aug. 3, 2010) (rejecting claim that "the Court never considered the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").
63. *See Perez v. Cockrell*, 77 F. App'x 201, 203 (5th Cir. 2003) (internal citations omitted).
64. 28 U.S.C. § 2253(c)(1)(A).
65. *Morrison v. United States*, No. MO: 10-CR-00135(1)-RAJ-DC, 2015 WL 12645590, at *24 (W.D. Tex. Apr. 2, 2015) (citing Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS).
66. 28 U.S.C. § 2253(c)(2).
67. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[68]

The undersigned concludes above that neither of Defendant's two grounds are meritorious. It follows that reasonable jurists would not conclude otherwise.[69] Accordingly, the undersigned **RECOMMENDS** that a certificate of appealability for Defendant be **DENIED**.

### IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate be **DENIED**.[70]

SIGNED this 14th day of March, 2023.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District

---

68. *United States v. Fields*, 761 F.3d 443, 452 (5th Cir. 2014) (internal citation omitted).
69. *See Villegas v. United States*, Nos. M-16-213, -- F. Supp. 3d -- , 2019 WL 1930026, at *5–6 (S.D. Tex. Apr. 3, 2019), *report and recommendation adopted*, Nos. M-16-213, M-06-1089-3, 2019 WL 1930290 (S.D. Tex. Apr. 30, 2019).
70. (Doc. 45).

Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).